1810.

TAGGART
*v.*
COOPER.

---

Lessee of WIRT *against* STEVENSON.

Sunbury,
Monday,
June 11.

APPEAL from the decision of *Brackenridge* J. at a Circuit Court for *Centre* in *June* 1808.

A return of survey is strong presumptive evidence that a regular survey has been made on the ground; and it lies upon the party objecting to it, to shew that it has not, by such circumstances as are inconsistent with a survey. What is a reasonable description in a warrant.

The lessor of the plaintiff claimed under a warrant of the 1st *July* 1784 for " 300 acres on the waters of *Cedar Spring*, " near or adjoining Mr. *Claypoole*,"—a survey on the 8th *November* 1785, and a patent on the 30th *January* 1787.

The defendant claimed under a settlement commenced in 1795.

The question was whether there had ever been a survey made for the lessor of the plaintiff. It was in evidence that the land in controversy did not adjoin *Claypoole*, but was at the distance of a mile or two from him. One of the witnesses swore that he had been employed to mark some of the lines on the ground when the survey was made, and that the surveyor had requested him to keep it secret, that he might afterwards himself be called to shew the lands. Some of the lines of the survey belonged to old surveys, and were therefore not marked over again; but several of the remaining lines were not to be traced on the ground, although the marked trees in one or two of those lines were blocked, and their age found to correspond with the date of the survey. Fires had frequently occurred in *Nittany* valley, where the land lay, and might have destroyed the marked trees. There was some evidence also that the defendant had actual notice of this survey, before he commenced his improvement.

The plaintiff's counsel contended that the warrant was reasonably descriptive of the land, and that the patent in such a case gave a good title, though no survey was made on the ground. That the return of survey was moreover presump-

tive evidence that a regular survey had been made, which had also been proved by the witness who assisted in marking the lines, and that the inability to trace all the lines was sufficiently accounted for. It lay upon the defendant to shew that a valid survey had not been made.

The counsel for the defendant answered that this was a vague warrant, the survey under which was not binding on third persons, unless completely made on the ground. They admitted that the patent was *prima facie* evidence of a survey, and threw the burden of proof upon the defendant; but there was no other mode of proving that a survey had not been made, than by shewing that the lines could not be found upon examination, which had been the case here. A single line, though incontestably proved, did not constitute a regular survey.

*Brackenridge* J. charged the jury as follows: This warrant seems to me to be descriptive to a reasonable intent. Unless where there are natural boundaries, or lines already surveyed, and called for, the description cannot be so perfectly precise, as not to be removable a breadth or half breadth. The breadth or half breadth of a warrant of 300 acres cannot be less than a mile or half mile. The warrant in this case would appear as precise as warrants usually are; it calls for land, speaking of a place of somewhat general description, but may be fairly considered as calling for land there or thereabouts.

The question in this case can be but one, has the survey been made by the officer in a legal manner, according to the forms, usages, and customs of the land office?

The survey is presumed to be made according to the return; for it is a maxim of reason and a principle of law, that all things shall be presumed to be properly and solemnly done, until the contrary appears. Now it does not lie upon the plaintiff to prove that the survey has been made; but upon the defendant to make it out by circumstances that it could not have been made; some one or more circumstances, with which the idea of a survey is inconsistent, or which render it strongly improbable that it was made. The only circumstance in this case, is the not finding all the lines marked. But this is rebutted, and the presumption of law which arises from the official return, fortified, by evidence of some of the lines being

marked, and even by trees blocked, corresponding with the date of the survey.

It is not usual, say surveyors, to mark anew the lines of a boundary survey; nor is it lawful to do it, so as to deface or injure the former marks. This furnishes a reason which may account for some of the lines not being marked as of the plaintiff's survey.

It is remarkable that in this case, the land returned, or the greater part of it, is included within the boundaries of old surveys. The patent having issued for this, and before any right in the defendant had attached by improvement, is a matter of weight and consideration. It cannot certainly be said that no survey was made. It can at most be said, even supposing some of the lines not to have been originally marked, to be an imperfect survey; and the notice which the defendant would seem to have had, even of this imperfect survey, would distinguish his case very much from one who had no knowledge of a survey made at all.

The jury found for the defendant, and a motion for a new trial was overruled to bring the case before this court.

*Burnside* and *Watts* for plaintiff.

*Duncan* for defendant.

Tilghman C. J. The plaintiff in this cause moved for a new trial, because the verdict was against the evidence and against the charge of the court. The judge of the Circuit Court refused a new trial, not, as he has declared, that he approved of the verdict, but with a view that the case might be submitted to the consideration of this court.

The plaintiff claimed under a warrant dated 1st *July* 1784, reasonably descriptive of the land in dispute, on which a survey was made on the 8th *November* 1785, and a patent issued on the 30th *January* 1787. The defendant had no office right; but made title under a settlement made on the land, *after the date of the patent;* so that the only ground he had to stand on, was that in fact no survey was ever made for the plaintiff. It was very properly given in charge, by the Judge who tried the cause, that the return of a survey, was strong

1810.

Lessee of
WIRT
_v._
STEVENSON.

presumptive evidence, that a survey was made; and that it lay on the defendant to take off the force of that presumption. Where a cause turns very much on matter of fact, and especially where the court are of opinion, that a new trial should be granted, it is not our custom to make many remarks on the evidence. I shall therefore only say, that the presumption arising from the return of survey, was very much strengthened by positive testimony of lines run and an actual survey made on the ground. So much so, that I must say, I think the weight of evidence was greatly against the verdict. This being the case, and this appearing to have been the opinion of the Judge, before whom the cause was tried, I am of opinion that there should be a new trial.

YEATES J. concurred.

New trial awarded.